U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 8 2016

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

### FOR THE __NORTHERN__ DISTRICT OF TEXAS

### __FORT WORTH__ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

__Russell Terry McElvain__
**PETITIONER**
(Full name of Petitioner)

__Ellis Unit - TDCJ__
**CURRENT PLACE OF CONFINEMENT**

vs.

__01709041__
**PRISONER ID NUMBER**

4-16CV-259-0

__William Stephens__
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.      Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.      Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.      Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.      Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☒      A judgment of conviction or sentence,      (Answer Questions 1-4, 5-12 & 20-25)
          probation or deferred-adjudication probation.

☐      A parole revocation proceeding.      (Answer Questions 1-4, 13-14 & 20-25)

☐      A disciplinary proceeding.      (Answer Questions 1-4, 15-19 & 20-25)

☐      Other:_____      (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.      Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

     <u>Criminal District Court Number Two</u>

     <u>Tarrant County, Texas</u>

2.      Date of judgment of conviction: <u>April 7, 2011</u>

3.      Length of sentence: <u>Ninety-nine years, Institutional Division, TDCJ</u>

4.      Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _____

     <u>Sex Abuse of Child Continuous, under 14</u>

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.     What was your plea? (Check one)   ☒ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

6.     Kind of trial: (Check one)   ☒ Jury       ☐ Judge Only

7.     Did you testify at trial?   ☐ Yes   ☒ No

8.     Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9.     If you did appeal, in what appellate court did you file your direct appeal? _Eighth_

_District; El Paso, TX,_   Cause Number (if known): _08-11-00170-CR_

What was the result of your direct appeal (affirmed, modified or reversed)? _affirmed_

What was the date of that decision? _July 10, 2013_

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: _Second search warrant; Inducement of confession; Illegal_

_interrogation, promises; Penal Code 21.02 Unconstitutional_

Result: _refused_

Date of result: _November 27, 2013_   Cause Number (if known): _PD-1048-13_

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _denied_

Date of result: _June 9, 2014_

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11.    If your answer to 10 is "Yes," give the following information:

Name of court: _Texas Court of Criminal Appeals_

Nature of proceeding: _State Writ of Habeas Corpus_

Cause number (if known): _C-2-010406-1227000-A   WR-81; 181-02_

Date (month, day and year) you filed the petition application or motion as shown by a file-stamped date from the particular court: _February 17, 2015_

Grounds raised: [1] Outcry witness fabrication of testimony; [2] Tainted evidence - Custody of Evidence [3] Insuff. Jury Inst. [4] Prosecutor Miscond. 5 items; [5] IAC - Trial 18 items; [6] Extraneous Evid. used inappropriately; [7] Second outcry witness; [8] Alleged child porn admitted with no review; [9] Tx Code 43.25 overbroad; [10-12] Tx. Code 21.02 Discriminatory / Doesn't comport with other sex offense statutes / Violates Tx Constitution; [13] Defendant unaware of the statute;

Date of final decision: _January 20, 2016_ [14] IAC - Appeal 9 items; [15] No motion for new trial.

What was the decision? _denied_

Name of court that issued the final decision: _Texas Court of Criminal Appeals_

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☒ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b) Give the date and length of the sentence to be served in the future: _____

_____

–4–

sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes  ☐ No

16. Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?  ☐ Yes  ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

_____

_____

_____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes  ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____

Step 2  Result: _____

          Date of Result: _____

**All petitioners must answer the remaining questions:**

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

      CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.   **GROUND ONE:** Illegal search and seizure. Fourth amendment violation.

      Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

      Secondary evidentiary search warrant for same premises for same items must be issued by a dist. judge. Second was issued by same municipal court judge. Second warrant affadavit identical to first with exception of three paragraphs of narrative describing events subsequent to application for first warrant (Trial Ex. 41-42). Both affadavits are   (cont'd 6a)

B.   **GROUND TWO:** Illegal interrogation; Inducement to confess, coersion, promises; all violating Fourteenth Amendment due process rights.

      Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

      Det. Treviño promised petitioner he wouldn't get into any more trouble or get any more charges if he confessed where suspected evidence could be found (RR4 at 257). The only charges were "possession of child porn" and "aggravated sexual assault", carrying a lesser punishment range and including parole eligibility. Later, after the evidence was found only by his confession, he was charged with "Cont. Sex. Abuse Child", a higher range   (cont'd 6a)

–6–

A. Ground One (cont'd): expressively noted as Evidentiary, and to change that definition after illegal search is completed denies petitioner due course and due process of law. All are signed by "Judge in and for Haltom city". The two warrants are identical (Trial Ex. 41A + 42A). Motion to suppress the return of this warrant was heard and denied by the court (CR at 57, 100; RR at 221 et. seq.; RR5 at 9).

Without materials seized in this second warrant, the prosecution has no solid evidence and petitioner could have easily been found not guilty.

B. Ground Two (cont'd): and no parole.

Additional info. from the interview: Det. Miller asked petitioner if he thought someone deserved a second chance. Det. Trevino said "everyone makes mistakes". Det. Trevino said to do it [tell us where the pictures are] for Kaity, so no one will find them someday, embarrass her, and ruin her life in the future (RR4 at 243), all coercive tactics to overbear petitioner's will, and gain info. by drawing family in and lead him to think he will get a second chance (Trial Ex. 23, 25).

Reid interview technique (RR5 at 127) has been proven to elicit false testimonies and is banned by many of the nations police depts.

Acknowledgement of Miranda rights form signed by petitioner is actually a waiver of rights form (Trial Ex. 22). Nowhere on the form is there a place to merely acknowledge those rights, nor how to assert them. Petitioner was given no help during interview when he did ask about a lawyer's presence, (RR4 at 241).

This is the petitioner's first arrest and interrogation of his 55 years of life. Any assumptions by authorities he knowingly and intelligently waived his rights, confessed anything, knew how to ask for an attorney is erroneous. He never watched Perry Mason, CSI or Law and Order (RR4 at 20).

A motion to suppress the confession was heard and denied by the trial court (CR at 57, RR5 at 6). Had this motion to suppress the confession, and the materials seized resulting from the illegal interrogation, been granted this case would have resulted in a not guilty verdict.

C.    **GROUND THREE:** Penal code 21.02 is unconstitutional by not requiring jurors to unanimously agree on which predicate acts petitioner committed.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

With Cont. Sex. Ab. Child, the jury only needs to be unanimous in agreeing the defendant committed the general act of Cont. Sex. Ab. Child, but not have to agree on anything specific as to what acts were committed. Jury charge reads in part "in order to find the defendant guilty of the offense, you must unanimously agree that the defendant committed two or more (cont'd 7a)

D.    **GROUND FOUR:** Outcry witness perjured herself by fabrication of testi-mony, proven by victim's testimony; Alt. impeached victim or witness.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Under questioning by prosecuting attorney, outcry witness Dula spoke of petitioner forcing victim to perform oral sex on him (RR5 at 65-66). Further she stated victim described the taste, the ejaculation (RR5 at 72-73). Under questioning by the prosecution, Kaitleigh was directly asked "Did he [defendant] ever have you put your mouth on his private (cont'd 7a)

21.    Relief sought in this petition: Petitioner prays for a new trial, new punishment, or order of acquittal.

**C. Ground Three (cont'd):**   acts of sexual abuse (CR at 109-110). Penal Code 21.02 is comprised of 8 separate statutes: Kidnapping 22.04, Indecency 21.11, Assault 22.011, Aggi. Assault 22.021, Burglary 30.02, Sex Perf. 43.25, Trafficking 20A.02, Compel. Prostitution 43.05. 8 of the jurors can all disagree on what offense occurred, yet still convict. Can a legislature treat the specific acts of sexual abuse as a manner and means for committing a series of sexual abuses? Can the legislature create a statute that conflicts with another statute which requires a unanimous verdict (36.29) and a statute which requires proof of each element of the offense (38.03)?

The late Justice Scalia once wrote, "we would not permit an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday despite the 'moral equivalence' of the two acts." Unanimity means each and every juror agrees the defendant committed the same, specific criminal act.

These codes are not similar conceptually, nor morally equivalent. Compare the range; performance doesn't touch the victim, agg. assault includes much contact, trafficking goes beyond state and country borders. Aggi. Sex. Ass. of a child is a "result-oriented" offense. Indecency is a "nature of the conduct" offense. Human trafficking is a human rights problem, per Pres. Obama 3/21/16 in Cuba.

Aggregating a statute can go too far, as this one does, a violates a defendant's right to due process. A motion to quash the indictment on this ground was presented to the court (CR at 94-95) heard and denied (RR3 at 13) and the objection renewed (RR6 at 6). Had the court not erred by denying these, this case could not have proceeded, petitioner would have been acquitted.

**D. Ground Four (cont'd):**   areas?" Kaitleigh's answer, "No ma'am" (RR5 at 91). Harm here is substantial because someone is lying, either the outcry witness, discrediting all of her testimony, or the victim which discredits her outcry and testimony. If not perjury, it is impeachment of the witness or victim. Removal of either of these testimonies would have totally changed the outcome of the trial.

E. **Ground Five:** Tainted evidence; Custody of evidence problem.

**Supporting Facts:** Search warrant return #14-09-SW-0022 (return from 10/20 warrant (the 2nd warrant)) lists "_1_ White Panasonic Hi-8 120 min. video cassette tape", no others. In questioning of Det. Trevino by prosecution, he's asked about State's Ex. 44 and replies "that is _two_ Hi-8 tapes, one black, one white," further asked, "did you seize these out of the shed on 10/20?", his reply, "yes ma'am" (RR5 at 147). Further, "State's Ex. 44A + 44B, what are those?" "Those are the Hi-8 120-min. tapes that we found -- well, one's a 120 and the other one's a 60 min. that we found during the 2nd search warrant (RR5 at 149).

If the officers seized 1 tape, why are there 2 in court? The harm of tainted evidence seems obvious, a retrial or acquittal.


F. **Ground Six:** Insufficient Jury Instructions, Lack of a lesser charge. Sixth Amendment and due process violation.

**Supporting Facts:** Prosecutor meticulously explains to prospective jurors they could convict defendant of a lesser charge (RR4 at 47-49, 68-70). There is nothing in the jury instructions, nor the verdict form, regarding a lesser charge (CR 105-116).

This intrinsically harmful constitutional error warrants a new trial.


G. **Ground Seven:** Petitioner was denied a fair trial due to prosecutor misconduct.

**Supporting Facts:** 5 Actions Noted.  (1.) led jurors to believe they would not have to decide guilty or not guilty of Cont. Sex. Ab. of Child because they could decide guilty of a lesser charge (RR4 at 47-49, 68-70). Lesser charge missing from verdict form (CR at 116).

(2.) Mis-stated law in her closing argument, mis-led jury, in referencing photo-graphs dating back as far as 2004 (before this statute was enacted) in pointing out "we don't try it where it begins on Sept. 1, 2007, that's why you got to hear everything", suggesting the jury can convict on everything from 2004 on. (RR6 at 13)

(3.) States "do your duty... find him guilty... you have the opportunity to say something... nameless daughters, nameless moms" RR6 at 19, 62. The "do your duty rhetoric" is used to convey the idea to the jury their job is to convict. Telling jury the victims are your daughters was improper (cont'd 7c)

- 7(b)

G. Ground Seven (cont'd): and designed to inflame their emotions.

(4) Lied to judge about second search warrant and promises to defendant during interrogation when she states "there have been no additional charges brought based upon the child pornography recovered in search warrant #2." (RR4 at 267). Sole indictment of this case, filed 1/19/11 (CR 2) is entirely based on the photos recovered in the second warrant.

(5.) Withheld information that could have reflected positively on the defendants character and past. In their search for other victims, interviews with previous foster children in his home, case workers, and family revealed positive feedback. Learning the petitioner had a clean record with all of his past 30-plus foster children, prosecution remained silent.

These cumulative errors warrant a reversal of the petitioners conviction.

H. Ground Eight: Ineffective Assistance of Trial Counsel (17 actions noted), violation of the Fifth and Sixth Amendment rights to counsel.

Supporting Facts:

(1.) Did not put lesser charge into jury instructions, nor on verdict form. Prosecution said there would be the option (RR4 at 47-48, 68-70 CR 105-116).

(2) Did not separate extraneous evidence, which cannot be used to convict, from the evidence which can be used. Jury convicted based on photos taken prior to the statute's enactment. Evidence 27B, which are photos they requested during deliberation were from December 2004 on (CR 108, RR5 at 138-145).

(3.) Did not inform jury how they were to use extraneous evidence at time it was admitted.

(4.) At visit at Tarrant County Jail, attorney said, "You are a pedophile!" which made petitioner wonder how well her defense could be with pre-conceived feelings of guilt.

(5.) Didn't question either of the two school officials about any observed interactions between victim and her father. There was always a positive interaction between petitioner and Kaitleigh at school, unlike observed interaction with her mother. This would have been a positive result for petitioner.

(cont'd 7d)

7 (c)

H. Ground Eight (cont'd):   6.) Did not raise inadequate time to prepare defense. Indictment 1/19/11, Trial 4/1/11.  Note confusion in pretrial hearing about various indictments (RR 3 at 8-10).

(7.) Plea bargain presented on 3/31 not presented clearly. Attorney didn't seem to understand the offer, when she repeated it in hearings, as can be seen in discussion where prosecutor has to correct petitioner's attorney several times (RR 2 at 4-10).

(8.) Two jurors were left on jury, who should have been stricken. One female who had been sexually abused as a child (Heiser); another who had a friend who was sexually abused as a child (Weathers) (RR4 at 98-100, 219).

(9.) Did not present arguments, objections, nor request an adversary hearing to raise issue that all evidence admitted as child porn was not all child porn. All nude photos of children are not pornography (ie: nudist photos).  Many of Kaity are similar in nature to the 1st Amendment protected works of photographers such as David Hamilton (Age of Innocence), Jock Sturgis (Radiant Identities), or Sally Mann (Immediate Family), all of which are nudes of adolescent and pre-adolescent children.  Kaity's are simply a growth and development chart, albiet immoral in some eyes, not illegal, as it is an art form to be appreciated, a protected freedom of expression.  The photos of the victim in the instant case are the victim alone, no second person within (RR4 at 253).

(10.) Did not hire a private investigator to do any investigative work on the case, to track down any of the 30+ foster children who'd come through petitioner's home, to interview CPS case workers, to try to find anything that could be beneficial to the defense.

(11.) No witnesses were located, interviewed, nor subpoenaed to testify for petitioner. He did provide some names of CPS case workers, foster children, and friends who'd entrusted children in his care, also letting her know CPS would have records of every child who came through their foster home.

(12.) Failed to present any mitigating circumstances to help defendant. His history of visits to nudist camps and his interest in the works of Sturgis, Hamilton, and Mann (see #9) would have helped this defense.

(13.) Would not consider the possibility of supernatural, satanic influences playing any role in the behavior of petitioner.  She refers to them as frivolous, (cont'd 7e)

7 (d)

H. Ground Eight (cont'd): nonsensical and farcical arguments. A Christian on the jury would have seen otherwise. Note RR5 at 115 where Det. Trevino says petitioner sat and read his Bible as officers spent hours searching his home.

(14.) Refused to send petitioner his case file, so he could persue post-conviction work, until he filed a complaint with the State Bar of Texas. Even then, refused to answer subsequent letters asking about missing documents.

(15.) Failed to investigate petitioner's claim that the oral sex the victim spoke to Ms. Dula about was the victim's biological family before coming to petitioner as a foster child. Kaity's reply of "no ma'am" about oral sex confirmed this (RR5 at 91).

(16.) No attempt made at any time for bond reduction.

(17.) Improperly preserved petitioner's motion to suppress confession for review on appeal. Appeal attorney presented it in the appeal with the State's brief denying it as improperly preserved in trial court.

There is reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. If not from only one of these, the cumulative error analysis finds this to be reversible error.


I. Ground Nine: Denied fair trial due to extraneous evidence not being separated from actual evidence permitting jury to convict using evidence not permitted.

Supporting Facts: Jury instruction #4 instructs jurors not to consider evidence of any acts of sex abuse, to wit: Sexual Performance by a Child, if there are any, that occur before 9/1/07 (CR 108).

In "State's Notice of Extraneous Offenses, Intention to Introduce Evidence of Other Crimes, Wrongs..." (CR 80-83), item 10 notes "145 images of child porn reflecting the sexual performance of defendant's daughter and that said images are from the time defendant's daughter was 9 years of age up to the time she was 13." Kaity's birthdate is 10/14/95 making her 9 years of age from 10/14/04 - 10/13/05, two years prior to the 9/1/07 date on the indictment.

RR5 at 139-142, Det. Trevino acknowledges these are photos seized from residence on 10/20/09 and there are 146. RR6 at 20-21, jury asks for all 27B evidence, all of the photos (Dec 2004-Sept. 2009) which included those photos prior to the date on the indictment, prior to the statutes enactment.                    (cont'd 7f)

I. Ground Nine (cont'd): Even though jury instructions pointed out they could not consider evidence before 9/1/07, jury clearly did use all such prohibited evidence in reaching their guilty verdict. "If you throw a skunk into the jury box, you cannot instruct the jury to not smell it." "One cannot unring a bell."

This error violates petitioner's right to a fair trial and the U.S. Constitution, Art. I, s/s 9, Cl. 3; Art. I, s/s 10, Cl. 1, the Ex Post Facto Clause; Requires Reversal.

J. Ground Ten: Court erred by allowing a second outcry witness over the objection of defendant's attorney.

Supporting Facts: RR5 at 49 notes Lindsay is a second outcry witness because Kaity gave her much more detail about the abuse than she gave Arlene Treat. Defense argued against this witness (RR5 at 51-54). More details about the same instance is not a reason to allow a second outcry witness. Prosecutor argued victim gave Ms Dula reports of additional forms of abuse, including oral sex. Charges were "sexual performance" with no charge of sexual contact (CR at 2). During questioning, the victim replied "no ma'am" to the question asking her about oral sex with defendant. (RR 5 at 91)

Victim or outcry witness impeached themselves, or perjured themselves at this point. One is lying. Retrial would be the only remedy.

K. Ground Eleven: Court erred by admitting all evidence defined by prosecution as child pornography without careful review to confirm it was child porn.

Supporting Facts: At motion to suppress hearing, Det. Trevino is asked what State's Ex. 30A + 31 contain. Reply, "children in nude and pornographic poses" (RR4 at 235) Prosecutor asks the judge if he wants to see them, he replies "that's alright" (RR4 at 236) allowing them to be entered as child porn. Photos of victim are offered, prosecutor asks Trevino if they are pornographic in nature, he replies, yes. (RR4 at 253)

All photos of nude children are not porn. See David Hamilton "Age of Innocence", Jock Sturgis "Radiant Identities", and Sally Mann "Immediate Family, art protected by the First Amendment, freedom of expression. Nudist photos, a lifestyle, not pornographic. Many of the photos in evidence, Kaity included, are artistic.

The judge erred in his role as gatekeeper. The wolves came in and devoured his power to stop them.

7 (f)

**L. Ground Twelve:** Tx Penal Code 43.25, Sexual Performance by a Child, in unconstitutionally overbroad, making Tx Penal Code 21.02, Continuous Sexual Abuse of a Child unconstitutional as well

Supporting Facts:   Statutes use of words "lewd exhibition" makes it overbroad as lewd is an evolving, fluid word, that changes over time.  Todays Victoria Secret TV ads would be lewd to a person in the '60s, and is lewd to some today.  Todays swimwear is lewd to many, but not illegal.  Two men kissing and making out is lewd even to the petitioner, yet it's on regular network primetime TV programming all the time.   Today's lewd is tomorrows normal.

Petitioner should be acquitted as this statute violates his constitutional right to due course, due process, and freedom of expression.


**M. Ground Thirteen:** Tx Penal Code 21.02(6) is unconstitutionally sexually discriminatory.

Supporting Facts:  Code 21.02(6) points to code 43.25.  43.25(a)(2) reads in part, "Sexual conduct means sexual contact ... a lewd exhibition of ... and portion of the female breast below the top of the areola."  All ages.  The breast is not a sex organ and should not be included under sexual conduct.

TDCJ mail rules specify "the chests of infants + pre-pubescent children are not considered breasts" BP-03.91 (rev. 3) [Petitioner could legally receive photos of shirtless 5-10 year old girls?]

This code is discriminatory against Females, sexualizing their breasts, birth to death.

Many a woman are stimulated by touching a mans breast, just as a man is by a womans.

An adult male or female may possess as many photos as he or she wants of young boys shirtless, but no photos of young girls shirtless, discriminating against the heterosexual male and homosexual female.


**N. Ground Fourteen:** Tx. Penal Code 21.02(6) does not comport with other sexual offense penal codes making it unenforceable, thus unconstitutional.

Supporting Facts:  Penal Code 21.02(6) points to Penal Code 43.25.  By stating in part, "sexual conduct means...exhibition of the female breast..." the State Legislature is sexualizing the female breast, but only the breasts of girls under 18 to as young as newborn.  The sexual assault (22.011) + Agg. Sex Assault (22.021) codes do not mention the breast.  The breast is not a part of these codes, yet they involve far more contact than 43.25.

7(g)

O. <u>Ground Fifteen:</u> Tx. Penal Code 21.02 violates the Texas Constitution and by doing so violates due process and due course of the U.S. Constitution.

<u>Supporting Facts:</u> Constitution of the State of Texas, Art.7, s/s 24: "Every law enacted ... shall embrace but <u>one object</u>, and that shall be expressed in the title." The title of 21.02 is "Continuous Sexual Abuse of a Child or Children."

Continuous ... more than once ... uninterrupted in time ... progressive. The Code requires two or more times, over a period of 30 days or more. This is more than one object and it is not continuous. This Code is "interrupted" or "occasional". The Tx Constitution cannot embrace the word "continuous" in the title as one object.

The Hawaii Supreme Court struck down a similar statute noting the behavior proscribed by the statute did not constitute a "continuing" offense but rather several distinct acts.            Also, "children", plural of child, more than one object.


P. <u>Ground Sixteen:</u> Petitioner unaware of the Penal Code by which he was charged and thus violating his rights to life, liberty and the pursuit of happiness.

<u>Supporting Facts:</u> This law is not like a speed limit sign, posted everywhere, for all to know.

Petitioner was aware of photo books of nude children protected by the First Amendment by Jock Sturges, David Hamilton, and Sally Mann. Petitioner was familiar with the nudist lifestyle, who do not view nude children as sexual.

Born and raised in the Midwest, petitioner was more familiar with Iowa law, far less strict. Was aware of Ohio statute stating, "No person shall photograph any minor <u>who is not the person's child or ward</u> in a state of nudity."

Was aware of a minor Brooke Shields appearing in provocative nude photos in various magazines, and the movie The Blue Lagoon.

The House Judiciary Committee passed a bill that would create a default standard for criminal intent. As laws proliferate, the chances increase that innocent citizens do something they have no idea is illegal. This violates the Western legal tradition that a party must have wanted to break the law to be found guilty. (1/24/16 Wall St. Journal)

Chief Justice John Roberts wrote, "the 'general rule' is that a guilty mind is a necessary element on the indictment and proof of every crime." (2/6-7/16 Wall St. Journal)

7 (h)

Q. Ground Seventeen: Ineffective Assistance of Counsel on Appeal (9 items noted)

Supporting Facts: (1) Should have used stronger arguments. Of the 4 presented, #3 he conceded in his reply brief was without merit and #4 noted the State was correct

(2) Failed to point out there was no lesser charge in the jury instructions even though it was discussed as an option in the jury Voir Dire (RR4 at 47-48, 68-70).

(3.) Failed to note trial attorney did not have proper time to prepare her defense with an indictment date of 1/19/11, trial date of 4/1/11 (CR 2-3).

(4) Failed to note the problem of extraneous evidence that was not to be used for a verdict decision, was not separated from other evidence, and it all was used in jury deliberations (CR 108; RR5 at 138-145).

(5.) Failed to note two jurors were selected whom should not have been, due to one being a victim of child sex abuse, another having a friend who was. (RR4 at 98-100, 219).

(6.) Failed to point out there was no private investigation completed before petitioner's trial, nor any mitigating circumstances presented, nor witnesses for the defendant.

(7.) Failed to point out discrepancy between the second outcry witness testimony about oral sex, yet the victim herself replied, under oath, "no ma'am" when questioned about it in court. (RR5 at 64-66, 72-73, 91).

(8.) Failed to raise any ground about the use of two outcry witnesses the court allowed over objections by the defendant's attorney (RR5 at 49, 51-54).

(9.) Did not raise any issues of prosecutor misconduct. Cannot tell a jury to "do your duty and convict; cannot inflame a jury by referring to victim as nameless daughters and moms (RR6 at 19).

    Had these and other stronger arguments been presented in the appeal, they would have succeeded and a retrial or acquittal achieved.


R. Ground Eighteen: Ineffective Assistance of Council due to no motion for a New Trial.

Supporting Facts: No motion for a new trial presented by the trial counsel at any point following conviction. No motion for a new trial presented by the appellate counsel at any point during the appellate procedure.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Kim Campbell; 5719 Airport Freeway; Fort Worth, TX 76117

(b) At arraignment and plea: _____

(c) At trial: _____

(d) At sentencing: _____

(e) On appeal: Leigh W. Davis; 1901 Central Drive; Bedford, TX 76021

(f) In any post-conviction proceeding: N/A

–8–

(g) On appeal from any ruling against you in a post-conviction proceeding: ___N/A___

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

This petition is timely under 28 U.S.C. 2244 (d)(1)

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Where the petitioner prays that the Court grant him the relief which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____April 4, 2016_____ (month, day, year).

Executed (signed) on ____April 4, 2016_____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: _Russell McElvain #1709041; Ellis Unit - TDCJ;_

_1697 FM 980; Huntsville, TX. 77343_____

Russell McElvain #1708041
Ellis Unit - TDCJ
1697 FM 980
Huntsville, TX 77343

LEGAL MAIL

7013 1710 0001 0996 2896

United States District Clerk Office
U.S. Courthouse
501 W. 10th St., Rm 310
Fort Worth, TX 76102-3673

RECEIVED

APR - 8 2016

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS